```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


J&J SPORTS PRODUCTIONS, INC.                    CIVIL ACTION


VERSUS                                          NO: 14-1000


FRANK J. SALMERON, L.L.C.,                      SECTION: R
D/B/A PUPUSERIA DIVINO
CORAZON, ET AL.
```

## ORDER AND REASONS

Defendants FRANK J. SALMERON, L.L.C., d/b/a Pupuseria Divino Corazon, Francisco Salmeron, and Aisher Salmeron move to dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a claim.[1] For the following reasons, the Court GRANTS the motion in part and DENIES the motion in part.

## I.   BACKGROUND

Plaintiff J&J Sports Productions, Inc. filed this lawsuit on May 1, 2014, alleging that on May 5, 2012, defendants willfully intercepted and broadcast J&J Sports's closed circuit pay-per-view boxing program without J&J Sports's authorization.[2]

According to the complaint, J&J Sports is a distributor of closed circuit, pay-per-view boxing and special events in the United States. To view one of J&J Sports's pay-per-view events,

---

[1] R. Doc. 19.

[2] R. Doc. 2.

customers must pay a fee to J&J Sports for that event. J&J Sports alleges that it had been granted the exclusive, nationwide commercial distribution and broadcast rights to the "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Light Middleweight Championship Fight Program" ("boxing program"), which was telecast nationwide on May 5, 2012.[3] According to the complaint, J&J Sports entered into "limited sub-licensing agreements" with a number of commercial entities in Louisiana, which conferred upon these entities the right to publicly broadcast the boxing program within their respective commercial establishments.[4] J&J Sports alleges that none the defendants was granted sublicensing rights or any other rights related to the boxing program.[5]

According to the complaint, Pupuseria Divino Corazon is a commercial restaurant and bar that serves food and alcoholic beverages.[6] The complaint alleges that on May 1, 2012, defendants knowingly and unlawfully intercepted and exhibited the boxing program at Pupuseria Divino Corazon for commercial advantage and private financial gain.[7] J&J Sports contends that the allegedly unauthorized display of the boxing program at Pupuseria Divino

---

[3] *See id.* at 7.

[4] *See id.*

[5] *See id.*

[6] *Id.* at 5.

[7] *Id.* at 6.

Corazon violated three federal statutes: 47 U.S.C. § 605, which is part of the Cable Communications Policy Act of 1984; 47 U.S.C. § 553, which is part of the Cable and Television Consumer Protection and Competition Act; and 18 U.S.C. §§ 2511 and 2520, which are part of the Electronic Communications Privacy Act of 1986.[8]  The complaint seeks monetary damages as well as attorneys' fees and costs.[9]

On July 30, 2014, defendants filed this motion to dismiss J&J Sports's claims under 47 U.S.C. § 553 and 47 U.S.C. § 605.[10] Defendants argue that J&J Sports failed to state a claim under 47 U.S.C. § 553 because it did not allege that its program was "offered over a cable system."[11]  Defendants also argue that J&J Sports failed to state a claim under 47 U.S.C. § 605 because it did not specifically allege that the communication was "not . . . authorized by the sender" or that the boxing program was not received via "authorized channels of transmission or reception."[12]

**II. LEGAL STANDARD**

---

[8]   *Id.* at 2.

[9]   *Id.* at 11-12.

[10]  R. Doc. 19.

[11]  R. Doc. 19-1 at 2.

[12]  *Id.* at 4.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555); *Coleman v. Sweetin*, 745 F.3d 756, 763-64 (5th Cir. 2014). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If there are

4

insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

    **A.    Plaintiff's Claim Under 47 U.S.C. § 553**

Section 553 imposes civil and criminal liability on a person or entity that intercepts or receives communications "offered over a cable system" without authorization. *See* 47 U.S.C. § 553(a)(1); *J&J Sports Prods., Inc. v. Mandell Family Ventures*, LLC, 751 F.3d 346, 348 (5th Cir. 2014). Thus, to state a claim under Section 553, J&J Sports must allege facts that, if proved, would establish that defendants' interception of the boxing program involved the interception or receipt of a cable communication.

Plaintiff does not allege that defendants intercepted or received a cable communication or a communication offered over a cable system in violation of Section 553. Instead, plaintiff alleges that defendants intercepted or received a "closed circuit" event, without explaining what type of transmission a closed circuit program uses.[13] The term "closed circuit" does not convey

---

    [13]    R. Doc. 2 at 5, 7.

enough information to allow the Court to reasonably infer that defendants are liable for unlawfully intercepting or receiving a cable communication.

J&J Sports requests that it be allowed to amend its complaint if the Court finds it deficient.[14] Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Sigaran v. U.S. Bank Ass'n*, 560 F. App'x 410, 412 (5th Cir. 2014). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, LP*, 620 F.3d 465, 468 (5th Cir. 2010) (citation omitted). Defendants have not suggested that any effort to amend the complaint would be futile. Accordingly, the Court grants J&J Sports leave to amend its Section 553 claim within fourteen (14) days of the entry of this Order.

**B.   Plaintiff's Claim Under 47 U.S.C. § 605**

Section 605(a) makes it unlawful for any person or entity to intercept and display radio communications or satellite programming without proper authorization. *See* 47 U.S.C. § 605(a). The statute provides:

---

[14]   R. Doc. 21 at 5.

> [N]o person receiving . . . [or] transmitting . . . any.
> . . communication by wire or radio shall divulge or
> publish the existence, contents, substance, purport,
> effect, or meaning thereof, except through authorized
> channels of transmission or reception . . . . No person
> not being authorized by the sender shall intercept any
> radio communication and divulge or publish . . . such
> intercepted communication to any person.

47 U.S.C. § 605(a). Although § 605(a) refers to radio communications, the protection afforded to radio communications extends to satellite television communications. *See United States v. Harrell*, 983 F.2d 36, 39 (5th Cir. 1993) (holding that section 605 "specifically proscribes the surreptitious interception of satellite transmissions"); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 912 (6th Cir. 2001) (holding that "satellite communications" are included "under the protection of § 605").

Defendants contend that J&J Sports's section 605 claim should be dismissed because J&J Sports failed to specifically allege that the communication was "not . . . authorized by the sender" or that the boxing program was not received via "authorized channels of transmission or reception."[15] In effect, defendants argue that although a "formulaic recitation" of statutory language is not *sufficient* for a complaint to withstand a 12(b)(6) motion, *Iqbal*, 556 U.S. at 678, such a recitation is nonetheless *necessary* to make out an adequate complaint. Defendants are incorrect.

---

[15] R. Doc. 19-1 at 4.

Although J&J Sports did not specifically use the statutory term "authorize," it has alleged sufficient facts to support its claim that defendants broadcast its boxing program without authorization in violation of 47 U.S.C. § 605. First, J&J Sports alleges that it was a party to a contract that granted it the "exclusive nationwide commercial distribution and broadcast (closed-circuit) rights" to the boxing program.[16] Second, J&J Sports alleges that it granted various entities sub-licenses to the boxing program so that these entities could publicly exhibit the boxing program within their respective commercial establishments.[17] Third, J&J Sports alleges that none of the defendants were granted sublicensing rights or any other rights related to the boxing program.[18] Finally, the complaint alleges that despite not having any sublicensing or other rights to display the boxing program, defendants broadcasted the boxing program in their restaurant on May 5, 2012.[19]

That J&J Sports held the "exclusive" nationwide right to distribute and broadcast the program suggests that J&J Sports was the only entity with the power to grant sub-licensing rights to other entities that would authorize those entities to display the

---

[16]   R. Doc. 2 at 7.

[17]   *See id.*

[18]   *See id.*

[19]   *Id.* at 6, 8.

boxing program.  In other words, only J&J Sports could authorize display of the boxing program.  Accepting these facts as true, the Court can reasonably infer that if J&J Sports did not grant any sub-licensing rights to defendants, then defendants were unauthorized to televise the program in their restaurant. Therefore, the Court denies defendants' motion to dismiss plaintiff's section 605 claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss J&J Sports's claim arising under 47 U.S.C. § 553 and DENIES defendants' motion to dismiss J&J Sports's claim arising under 47 U.S.C. § 605.

J&J Sports is granted leave to amend its claim arising under 47 U.S.C. § 553 within 14 days of the entry of this Order.

New Orleans, Louisiana, this 21st day of November, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE